


10 CIV 6054

JUDGE JONES

RECEIVED
AUG 12 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
GINA DUSSAIR,                             :   Case No.

                        Plaintiff,        :   (New York Supreme No.: 109565/10)

            - against -                   :   **NOTICE OF REMOVAL**

ANURAG AGARWAL, Individually, and         :
CHARLES STEPHENSON, Individually, and     :
REGENT PRIVATE CAPITAL, LLC,              :

                        Defendants.       :
---------------------------------x

      Defendants Anurag Agarwal, Charles Stephenson, and Regent Private Capital, LLC, by their counsel, Pavia & Harcourt LLP, give notice that this action is hereby removed from the Supreme Court of the State of New York to the United States District Court for the Southern District of New York on the following basis:

      1.    On or about July 20, 2010, the Plaintiff Gina Dussair, filed a Complaint in the Supreme Court of New York, County of New York, at Civil Action No. 109565/2010 against Anurag Agarwal, Individually, and Charles Stephenson, Individually, and Regent Private Capital, LLC.

      2.    The Complaint purports to state claims for damages to redress injuries Plaintiff had suffered as a result of being discriminated against, and discharged by Plaintiff's former employer.

      3.    Service of the Summons and Complaint was had on Anurag Agarwal and Regent Private Capital, LLC, the first defendants to be served on or about July 20, 2010.

      4.    This is a civil action over which this Court has original jurisdiction over this action and may be removed pursuant to 28 U.S.C. §1331.

P&H - 648872.1 :15246/100

5. A Federal question exists in this case based on Plaintiffs' complaint which purports Defendants' failure to pay Plaintiff overtime pay in accordance with the Fair Labor Standards Act, specifically 29 U.S.C. § 207.

6. This Notice of Removal is filed within 30 days of the service upon Anurag Agarwal and Regent Private Capital, LLC, the first defendants to be served.

7. All defendants consent to removal.

8. A true and correct copy of this Notice of Removal has been or will be filed with the Clerk of the Supreme Court of New York County as required by 28 U.S.C. §1446 (d), and will be provided to counsel for the plaintiff.

9. A copy of the complete record maintained by the Clerk of the Supreme Court of the County of New York is attached to this Notice of Removal as Exhibit A.

WHEREFORE, Defendants provide notice of the their removal of the above-captioned action from the Supreme Court of the County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
       August 11, 2010

_____
Adam D. Mitzner (AM-8325)
Pavia & Harcourt LLP
600 Madison Avenue, 12th Floor
New York, NY 10022
Tel: (212)980-3500
Fax: (212)980-3185

Attorneys for Defendants

TO: AKIN & SMITH, LLC
    Attorneys for Plaintiff
    30 Broad Street, 35th Floor
    New York, NY 10004
    (212) 587-0760

P&H - 648872.1 :15246/100                    2

**EXHIBIT A**

SCANNED ON 7/20/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
GINA DUSSAIR,

                                Plaintiff,

         -against-

ANURAG AGARWAL, Individually, and
CHARLES STEPHENSON, Individually, and
REGENT PRIVATE CAPITAL, LLC,

                               Defendants.
-----------------------------------------------------------------X

Index #:
Date purchased:        10109565

Plaintiff designates:
NEW YORK COUNTY as the
Place of trial

**SUMMONS**

The basis of the venue is
Plaintiff's residence at
5 West 101st Street, Apt. 7D
New York, New York 10025

FILED
JUL 20 2010
COUNTY CLERK'S OFFICE
NEW YORK

To the above named Defendants

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        July 20, 2010

                                                   AKIN & SMITH, LLC
                                                 Attorneys for Plaintiff

                                               By: William K. Phillips
                                                     Of Counsel
                                               30 Broad St., 35th Floor
                                             New York, New York 10004
                                             (212) 587-0760

Defendants' Addresses:

ANURAG AGARWAL (at place of employment)
REGENT PRIVATE CAPITAL, LLC
152 W 57th Street
Suite 909
New York, New York 10019


CHARLES STEPHENSON (at place of employment)
5727 South Lewis Avenue, Suite 210
Tulsa, Oklahoma 74105


REGENT PRIVATE CAPITAL, LLC (at place of Business)
152 W 57th Street
Suite 909
New York, New York 10019


REGENT PRIVATE CAPITAL, LLC (at place of Business)
5727 South Lewis Avenue, Suite 210
Tulsa, Oklahoma 74105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
GINA DUSSAIR,

                Plaintiff

- against -

ANURAG AGARWAL, Individually, and
CHARLES STEPHENSON, Individually, and
REGENT PRIVATE CAPITAL, LLC,

                Defendants.
---------------------------------------------------------------X

Index No.: 10109565

**COMPLAINT**
PLAINTIFF DEMANDS
A JURY TRIAL

FILED
JUL 20 2010
COUNTY CLERK'S OFFICE
NEW YORK

Plaintiff, by her attorneys, AKIN & SMITH, LLC complains of defendants, upon information and belief, as follows:

1. Plaintiff complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being, discriminated against, and discharged by Plaintiff's former employer.

2. That at all times relevant hereto, Plaintiff is a resident of the State of New York and the County of the New York.

3. That at all times relevant hereto, Defendant ANURAG AGARWAL, was an individual residing in the State of New York.

4. That at all times relevant hereto, Defendant CHARLES STEPHENSON was and is resident of the State of Oklahoma.

5. That at all times relevant hereto, Defendant REGENT PRIVATE CAPITAL, LLC was and is a business entity duly authorized and existing by virtue of the laws of the State of New York.

6. That at all times relevant hereto, Defendant REGENT PRIVATE CAPITAL, LLC was and is a business entity duly authorized and existing by virtue of the laws of the State of Oklahoma.

7. That Defendant REGENT PRIVATE CAPITAL, LLC does business in the State of New York.

8. That at all times relevant hereto, Defendants have maintained offices at 152 West 57th Street, Suite 909, New York, New York 10019.

9. That at all times relevant hereto, the Plaintiff was an employee of REGENT PRIVATE CAPITAL, LLC.

10. That at all times relevant hereto, Defendant ANURAG AGARWAL was and is an employee of REGENT PRIVATE CAPITAL, LLC.

11. That at all times relevant hereto, Defendant ANURAG AGARWAL was the supervisor and/or manager of Plaintiff.

12. That at all times relevant hereto, Defendant ANURAG AGARWAL was a senior to the Plaintiff with regard to her employment.

13. That at all times relevant hereto, Defendant CHARLES STEPHENSON was and is the owner and Managing Director of REGENT PRIVATE CAPITAL, LLC.

14. That at all times relevant hereto, Defendant CHARLES STEPHENSON was the supervisor and/or manager of Plaintiff.

15. That at all times relevant hereto, Defendant CHARLES STEPHENSON was a senior to the Plaintiff with regard to her employment.

16. The Plaintiff began employment with the Defendants around September 2007 as a full time employee.

17. Plaintiff was earning approximately $55,000 per year.

18. At all times relevant hereto, the Plaintiff's employment position was an Executive Assistant.

19. At all times relevant hereto, the Plaintiff was an exemplary employee.

20. On or around August 30, 2009, Plaintiff approached Mr. Anurag Agarwal regarding a raise. Mr. Anurag Agarwal agreed and stated the Plaintiff would receive a raise of $5,000 starting on or around January 10, 2010. Plaintiff never received this raise as promised.

21. On or around February 10, 2010, Plaintiff informed Mr. Anurag Agarwal that she was pregnant.

22. Mr. Anurang Agarwal proceeded to get agitated, and told Plaintiff that she was fired and had 30 days notice.

23. During the period between the Plaintiff's notice of termination on or around February 10, 2010, and her actual termination on or around March 15, 2010, Mr. Anurag Agarwal continued to act agitated toward the Plaintiff, subjecting her to feelings of degradation and anxiety regarding her pregnancy.

24. Plaintiff subsequently learned that Mr. Anurag Agarwal hired another person for the Executive Assistant position, who upon information and belief is not pregnant.

25. Defendants fired Plaintiff because she was pregnant.

26. Defendants failed to give Plaintiff her raise because she was pregnant.

27. During the period beginning on or around September 1, 2007 through March 15, 2010, Plaintiff was denied overtime.

28. Plaintiff worked an average of 43 hours per week, an additional three hours per week above her 40 hour work week. Plaintiff was denied overtime for this entire 132 week period, for a total of 396 hours.

29. Defendants treated Plaintiff differently because of her gender, disability and pregnancy.

30. Plaintiff has been unlawfully discriminated against, was humiliated, has been degraded and belittled; and as a result suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

31. Plaintiff's performance was, upon information and belief, above average during the course of employment with the Defendants.

32. Following the Plaintiff's notice of Termination, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

33. Defendant's actions and conduct were intentional and intended to harm the Plaintiff.

34. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

35. Defendants' hostile actions created an unlawfully hostile working environment which no reasonable person would tolerate.

36. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such

employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

38. As per the Court of Appeals case of *Patrowich v. Chemical Bank*, 63 NY2d 541 [1984]) those employees with "an ownership interest in the company" or "the power to do more than carry out personnel decisions made by others" may be held personally liable for sexual harassment (see *Monsanto v. Electronic Data Systems Corporation*, 141 AD2d 514, 515 [2d Dept 1988]; *Bridges v. Eastman Kodak Company*, 822 F Supp at 1029; cf *Sier v. Jacobs Persinger & Parker*, 236 AD2d 309 [1st Dept 1997]).

39. As a result of the above Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, the Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

41. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ

or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

43. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender, pregnancy and disability.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

46. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such

person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

49. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her gender, pregnancy and disability.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

52. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate,

threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

55. Defendants violated the section cited herein as set forth.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an

employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

58. Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

59. Defendants are employers as defined under the Fair Labor Standards Act.

60. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

61. Defendant willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiffs for her employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which they were employed.

62. Defendants' failure to pay Plaintiffs overtime pay in accordance with the Act, was a direct violation of the Act (FLSA), specifically 29 U.S.C. §207.

63. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiffs for back wages.

64. Defendants willfully violated the Act.

## AS AN EIGHTH CAUSE OF ACTION
## VIOLATION OF NEW YORK WAGE AND HOUR LAW and VIOLATION OF Title 12 NYCRR Section 142-2.2, OVERTIME RATE

65. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

66. Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations, Specifically NYCRR Labor Section 138 et seq.

67. Defendants failed to pay Plaintiffs a premium for hours worked in excess of 40 hours per week.

68. Defendants violated Plaintiffs' rights to overtime pay under Title 12 NYCRR 142-2.2.

69. Defendants also failed to provide Plaintiffs with the required amount of time for lunch and other breaks.

70. Defendants also violated New York's Labor law including but not limited to Labor Law 12 NYCRR § 142-2; §§ 198, 162, 663 et seq.

71. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

## INJURY AND DAMAGES

72. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by State and Federal Overtime Laws, state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff on the basis sex, disability and pregnancy;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
July 20, 2010

Respectfully Submitted

*William K. Phillips*

By: William K. Phillips
Of Counsel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
GINA DUSSAIR,                                                      Index No.:

                        Plaintiff,

       - against -

ANURAG AGARWAL, Individually, and
CHARLES STEPHENSON, Individually, and
REGENT PRIVATE CAPITAL LLC,

                      Defendants.
---------------------------------------------------------------X

---

### SUMMONS AND COMPLAINT

---

AKIN & SMITH, LLC
Attorneys for Plaintiff
30 Broad Street, 35th Floor
New York, NY 10004
(212) 587-0760