UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT IN NEW YORK
---------------------------------x
GINA DUSSAIR,                                    : Case No. 10 Civ. 6054
                                                 :
                              Plaintiff,         :
           - against -                           :
                                                 : **ANSWER**
ANURAG AGARWAL, Individually, and                :
CHARLES STEPHENSON, Individually, and            :
REGENT PRIVATE CAPITAL, LLC,                     :
                                                 :
                              Defendants.        :
---------------------------------x

Defendants Anurag Agarwal, Charles Stephenson and Regent Private Capital, LLC (collectively "Defendants"), by their attorneys, Pavia & Harcourt LLP, respectfully answer Plaintiff's Complaint as follows:

1. Deny the allegations in paragraph 1, except admit that plaintiff purports to state the claims alleged and respectfully refer to the complaint for its contents.

2. Upon information and belief, admit the allegations in paragraph 2.

3. Admit the allegations in paragraph 3.

4. Admit the allegations in paragraph 4.

5. Deny the allegations in paragraph 5.

6. Admit the allegations in paragraph 6.

7. Deny the allegations in paragraph 7, except admit that Regent Private Capital, LLC has an office located in New York City, and aver that to the extent that paragraph 7 states a legal conclusion, no response is warranted.

8. Deny the allegations in paragraph 8.

9. Admit the allegations in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Deny the allegations in paragraph 12, except admit that Defendant Anurag Agarwal was employed by Regent Private Capital, LLC for a greater length of time than Plaintiff.

13. Deny the allegations in paragraph 13, except admit that Defendant Charles Stephenson is a founder and managing director of Regent Private Capital LLC.

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Admit the allegations in paragraph 16

17. Deny the allegations in paragraph 17, except admit that in 2009 Plaintiff's annual salary was $55,000.

18. Deny the allegations of paragraph 18, except admit that Plaintiff was employed as an administrative assistant by Regent.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21.

22. Deny the allegations in paragraph 22.

23. Deny the allegations in paragraph 23.

24. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis deny those allegations, and aver that Regent did not hire anyone on a full-time basis to serve as an administrative assistant after Plaintiff's employment was terminated.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. Deny the allegations in paragraph 28.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30, except to the extent that paragraph 30 states a legal conclusion, no response is required.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38, except to the extent that paragraph 38 purports to quote from certain reported decisions, Defendants respectfully refer to those reported decisions for their contents.

39. Deny the allegations in paragraph 39, except to the extent that paragraph 39 states a legal conclusion, no response is required.

40. Deny the allegations in paragraph 40.

41. Defendants repeat and reallege their responses to paragraphs 1 through 40 as if fully set forth herein.

42. Deny the allegations in paragraph 42, except to the extent that paragraph 42 purports to quote from the Executive Law in the State of New York (the "Executive Law"), Defendants respectfully refer to the Executive Law for its contents.

43. Deny the allegations in paragraph 43.

44. Defendants repeat and reallege their responses to paragraphs 1 through 43 as if fully set forth herein.

45. Deny the allegations in paragraph 45, except to the extent that paragraph 45 purports to quote from the Executive Law, Defendants respectfully refer to the Executive Law for its contents.

46. Deny the allegations in paragraph 46.

47. Defendants repeat and reallege their responses to paragraphs 1 through 46 as if fully set forth herein.

48. Deny the allegations in paragraph 48, except to the extent that paragraph 48 purports to quote from the Administrative Code in the City of New York (the "Administrative Code"), Defendants respectfully refer to the Administrative Code for its contents.

49. Deny the allegations in paragraph 49.

50. Defendants repeat and reallege their responses to paragraphs 1 through 49 as if fully set forth herein.

51. Deny the allegations in paragraph 51, except to the extent that paragraph 51 purports to quote from the Administrative Code, Defendants respectfully refer to the Administrative Code for its contents.

52. Deny the allegations in paragraph 52.

53.     Defendants repeat and reallege their responses to paragraphs 1 through 49 as if fully set forth herein.

54.     Deny the allegations in paragraph 54, except to the extent that paragraph 54 purports to quote from the Administrative Code, Defendants respectfully refer to the Administrative Code for its contents.

55.     Deny the allegations in paragraph 55.

56.     Deny the allegations in paragraph 56, except to the extent that paragraph 56 asserts a legal conclusion, no response is required.

57.     Defendants repeat and reallege their responses to paragraphs 1 through 56 as if fully set forth herein.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59, except to the extent that paragraph 59 asserts a legal conclusion, no response is required.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61.

62.     Defendants repeat and reallege their responses to paragraphs 1 through 61 as if fully set forth herein.

63.     Deny the allegations in paragraph 63, except to the extent that paragraph 63 asserts a legal conclusion, no response is required.

64.     Deny the allegations in paragraph 64.

65.     Deny the allegations in paragraph 65, except to the extent that paragraph 65 asserts a legal conclusion, no response is required.

66.     Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67, except to the extent that paragraph 67 asserts a legal conclusion, no response is required.

68. Deny the allegations in paragraph 68, except to the extent that paragraph 68 asserts a legal conclusion, no response is required.

69. Defendants repeat and reallege their responses to paragraphs 1 through 68 as if fully set forth herein.

70. Deny the allegations in paragraph 70, except to the extent that paragraph 70 purports to quote from the Administrative Code, Defendants respectfully refer to the Administrative Code for its contents.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds in waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds in unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as against Defendant Charles Stephenson for lack of jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative.

## SIXTH AFFIRMATIVE DEFENSE

Punitive damages are not warranted because Defendants' conduct was not morally culpable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

Defendants reserve the right to add additional defenses after the close of discovery.

**WHEREFORE**, Defendants respectfully request that this Court:

    A.    Dismiss the Complaint with prejudice.

    B.    Award Defendants costs of defense, including reasonable attorneys' fees and expenses.

    C.    Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 22, 2010

PAVIA & HARCOURT LLP

_/s/ Adam D. Mitzner_
Adam D. Mitzner (AM-8325)
600 Madison Avenue, 12th Floor
New York, NY 10022
Tel: (212)980-3500
Fax: (212)980-3185
amitzner@pavialaw.com

Attorneys for Defendants